Buccetti, J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
WAUSAU BUSINESS INSURANCE COMPANY and
EMPLOYERS INSURANCE COMPANY OF
WAUSAU,

                        Plaintiffs,

- against -

ALPINE CONSULTING CO. OF NEW YORK
INC., ASSOCIATED GERIATRIC
INFORMATION NETWORK, INC., CREST
HALL CORP., CROWN NURSING HOME
ASSOCIATES, INC., OAK HOLLOW NC
CORP., CENTRAL HEALTHCARE SERVICES,
INC., BLOSSOM HEALTH CARE CENTER,
INC., BLOSSOM NORTH, LLC, BLOSSOM
SOUTH, LLC, CAMPBELL HALL HEALTH
CARE CENTER, INC., VICTORY LAKE
OPERATIONS, LLC, and CAMPBELL HALL
REHABILITATION CENTER, INC.,

                        Defendants.
------------------------------------------------------------------x

Civil Action No.
11 Civ. 2482 (VLB)(LMS)

**STIPULATION AND
ORDER OF
SETTLEMENT**



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED

**WHEREAS**, Wausau Business Insurance Company ("Wausau Business") commenced the instant action seeking recovery of certain retrospective premiums incurred under certain policies it issued; and

**WHEREAS**, Wausau Business and Employers Insurance Company of Wausau ("Wausau Employers") (collectively, "Wausau") served and filed an Amended Complaint in this action entitled Wausau Business Ins. Co. and Employers Ins. Co. of Wausau v. Alpine Consulting Co. of New York, Inc., Associated Geriatric Information Network, Inc., Crest Hall Corp., Crown Nursing Home Associates, Inc., Oak Hollow NC Corp., Central Healthcare Services, Inc., Blossom Health Care Center, Inc., Blossom North, LLC, Blossom

South, LLC, Campbell Hall Health Care Center, Inc., Victory Lake Operations, LLC, and Campbell Hall Rehabilitation Center, Inc., No. 11 Civ. 2482 (VLB)(LMS), in the United States District Court for the Southern District of New York seeking recovery of retrospective insurance premiums related to the following policies: (1) No. WCK-Y91-444433-017, issued by Wausau Business (the "017 Policy"); (2) No. WCK-Y91-444433-018, issued by Wausau Business (the "018 Policy"); and (3) No. WCC-Y91-444433-019, issued by Wausau Employers (the "019 Policy") (hereinafter, collectively, the "WC Policies");

**WHEREAS**, Wausau seeks recovery in this action of one million three hundred forty-three thousand five hundred ten and 00/00 ($1,343,510) dollars, plus interest, costs and disbursements, for premiums and assessments due and owing under the WC Policies;

**WHEREAS**, defendants ALPINE CONSULTING CO. OF NEW YORK INC. ("Alpine") and ASSOCIATED GERIATRIC INFORMATION NETWORK, INC. ("AGIN") have responded to the Complaint;

**WHEREAS**, defendants CREST HALL CORP., CROWN NURSING HOME ASSOCIATES, INC., and OAK HOLLOW NC CORP. (collectively, the "Crest Hall Defendants") (1) asserted a cross-claim against Central Healthcare for breaching its Management Agreement with the Crest Hall Defendants; and (2) asserted a cross-claim against all defendants for contribution;

**WHEREAS**, Central Healthcare, together with defendants BLOSSOM HEALTH CARE CENTER, INC., BLOSSOM NORTH, LLC, BLOSSOM SOUTH, LLC,

CAMPBELL HALL HEALTH CARE CENTER, INC., VICTORY LAKE OPERATIONS, LLC, and CAMPBELL HALL REHABILITATION CENTER, INC. (collectively, the "Central Healthcare Defendants") entered into the retrospective premium arrangements for the WC Policies purportedly on behalf of all defendants;

**WHEREAS**, the Central Healthcare Defendants, the Crest Hall Defendants, and Wausau are desirous of resolving any and all disputes related to the retrospective premium and assessment obligations that are currently due and owing and may be due and owing in the future under the WC Policies;

**NOW, THEREFORE**, in consideration of the above premises, it is stipulated to and agreed by the parties as follows:

1. **Amount Due.** The Central Healthcare Defendants agree and acknowledge that the amount of retrospective premium due and owing to Wausau for the WC Policies is one million three hundred forty-three thousand five hundred ten and 00/00 ($1,343,510) dollars, plus interest at 9% per annum from August 6, 2010 (the "Amount Due").

2. **Settlement Sum.** In full satisfaction of the Amount Due, the Central Healthcare Defendants and Crest Hall Defendants agree to pay, and Wausau agrees to accept, the sum of one million two hundred fifty thousand and 00/00 ($1,250,000) dollars (the "Settlement Sum") in total pursuant to the terms set forth herein:

   a. <u>Crest Hall Defendants</u>:  By March 15, 2012 or within ten (10) business days after this Stipulation and Order of Settlement (the "Stipulation") is "so ordered" by the Court, whichever comes later, the Crest Hall Defendants,

3

jointly and severally, shall pay to Wausau the sum of two hundred twenty-five thousand and 00/00 ($225,000) dollars (the "Crest Hall Settlement Sum");

  b. <u>Central Healthcare Defendants</u>:  The Central Healthcare Defendants, jointly and severally, shall pay to Wausau the sum of one million twenty-five thousand and 00/00 ($1,025,000) dollars (the "Central Healthcare Settlement Sum"), as follows:

  (i) Within ten (10) business days after this Stipulation is "so ordered" by the Court, the Central Healthcare Defendants, jointly and severally, shall pay to Wausau the sum of two hundred twenty-five thousand and 00/00 ($225,000) dollars;

  (ii) On or before May 1, 2012, the Central Healthcare Defendants, jointly and severally, shall pay to Wausau the sum of seventy-two thousand seven hundred twenty-seven and 28/00 ($72,727.28) dollars;

  (iii) On or before August 1, 2012, the Central Healthcare Defendants, jointly and severally, shall pay to Wausau the sum of seventy-two thousand seven hundred twenty-seven and 28/00 ($72,727.28) dollars;

  (iv) On or before November 1, 2012, the Central Healthcare Defendants, jointly and severally, shall pay to Wausau the sum of seventy-two thousand seven hundred twenty-seven and 28/00 ($72,727.28) dollars;

(v) On or before February 1, 2013, the Central Healthcare Defendants, jointly and severally, shall pay to Wausau the sum of seventy-two thousand seven hundred twenty-seven and 27/00 ($72,727.27) dollars;

(vi) On or before May 1, 2013, the Central Healthcare Defendants, jointly and severally, shall pay to Wausau the sum of seventy-two thousand seven hundred twenty-seven and 27/00 ($72,727.27) dollars;

(vii) On or before August 1, 2013, the Central Healthcare Defendants, jointly and severally, shall pay to Wausau the sum of seventy-two thousand seven hundred twenty-seven and 27/00 ($72,727.27) dollars;

(viii) On or before November 1, 2013, the Central Healthcare Defendants, jointly and severally, shall pay to Wausau the sum of seventy-two thousand seven hundred twenty-seven and 27/00 ($72,727.27) dollars;

(ix) On or before February 1, 2014, the Central Healthcare Defendants, jointly and severally, shall pay to Wausau the sum of seventy-two thousand seven hundred twenty-seven and 27/00 ($72,727.27) dollars;

(x) On or before May 1, 2014, the Central Healthcare Defendants, jointly and severally, shall pay to Wausau the sum of seventy-two thousand seven hundred twenty-seven and 27/00 ($72,727.27) dollars;

(xi) On or before August 1, 2014, the Central Healthcare Defendants, jointly and severally, shall pay to Wausau the sum of seventy-two thousand seven hundred twenty-seven and 27/00 ($72,727.27) dollars; and

(xii) On or before November 1, 2014, the Central Healthcare Defendants, jointly and severally, shall pay to Wausau the sum of seventy-two thousand seven hundred twenty-seven and 27/00 ($72,727.27) dollars.

c.   All payments hereunder must be made by check payable to "Wausau Insurance Companies", and shall be delivered to the notice address set forth in paragraph 7 of this Stipulation. A payment shall be deemed made on the date the check is actually received at the notice address.

3.   **Personal Guaranty**.

a.   In consideration of and as inducement for entering into this Stipulation, Gerald Wood, Sr., residing at 37 Emerson Road, Brookville, New York 11545 ("Wood"), and Stephen O'Neill, residing at 146 Whitehall Boulevard, Garden City, New York 11530 ("O'Neill") (collectively, the "Guarantors"), hereby unconditionally and absolutely, jointly and severally, guarantee to Wausau the prompt payment, when due, of all obligations and payments of the Central Healthcare Defendants arising under this Stipulation and the full and faithful performance of any and all provisions, terms and covenants of this Stipulation.

b.   The obligations of the Guarantors hereunder shall be absolute and

6

unconditional and shall remain in full force and effect until all obligations arising under this Stipulation have been fully and finally paid and performed.

   c. Guarantors further guarantee that all payments made by the Central Healthcare Defendants to Wausau with respect to the obligations arising under this Stipulation will, when made, be final, and agree that if any such payment is recovered from or repaid by Wausau, in whole or in part, in any bankruptcy, insolvency or similar proceeding instituted by or against the Central Healthcare Defendants or Guarantors, this Guaranty shall continue to be fully applicable to the obligations arising under this Stipulation to the same extent as though the payment so recovered or repaid had never been originally made under this Stipulation.

   d. The liability of Guarantors hereunder shall not be impaired, released, terminated or discharged, in whole or in part, by any of the following, notwithstanding that the same are made with or without notice to the Guarantors: (i) any amendment or modification of the provisions of the Stipulation; (ii) any extensions of time for performance, whether in whole or in part, of the covenants of the defendants under this Stipulation given prior to or after default hereunder; (iii) any other Guaranty now or hereafter executed by any Guarantor to any other person or entity; (iv) any waiver of, assertion or enforcement of, or failure or refusal to assert or enforce, in whole or in part, any covenants, claims, causes of action, or remedies that Wausau may, at any time, have under this Stipulation or with respect to any guaranty or any security that Wausau may hold, at any time, for or under this Stipulation or with respect to the defendants or the Guarantors; (v) any act, thing, omission, or delay to do any act or thing that may, in any

7

manner, or to any extent, vary the risk of the Guarantors or that would otherwise operate as a discharge of any Guarantor as a matter of law; or (vi) the failure to give the Guarantors any notice whatsoever.

  e. No amendment or waiver of any provision of this Guaranty nor consent to any departure by the Guarantors therefrom shall in any event be effective unless the same shall be in writing and signed by Wausau, and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

  f. This is a guaranty of payment and not of collection and shall be governed by and construed in accordance with the laws of the State of New York (without regard to principles of conflicts of law).

  g. If the Guarantors shall terminate or attempt to terminate this Guaranty by delivering a notice of revocation, said revocation shall be ineffective with regard to the obligations under this Stipulation that remain due and owing at the time of delivery of such notice.

  h. No delay by Wausau in exercising any power or right hereunder shall operate as a waiver thereof, nor shall any single or partial exercise of any power or right hereunder preclude other or further exercise thereof or the exercise of any other power or right, nor shall Wausau be liable for exercising or failing to exercise any such power or right, nor shall any action by Wausau omitted hereunder in any way impair or affect this Guaranty.

  4. **Default.**

    a. In the event of a default by the Crest Hall Defendants under any

provision of this Stipulation due to a failure by the Crest Hall Defendants to timely pay its share of the Settlement Sum, as set forth in paragraph 2(a), this Stipulation shall immediately become null and void as to the Crest Hall Defendants, including but not limited to the settlement agreement and the Releases set forth herein at Paragraph 6 concerning the Crest Hall Defendants. In such an event, the continued settlement with the remaining defendants shall not impair or be deemed to prevent Wausau from collecting any and all outstanding premium obligations due and owing from the Crest Hall Defendants under the WC Policies, except that any payments from the Central Healthcare Defendants shall be applied first to the 019 Policy, then the 018 Policy, and lastly to the 017 Policy.

        b.     In the event of a default by the Central Healthcare Defendants under any provision of this Stipulation, including with respect to the failure of a check delivered hereunder to clear, the Central Healthcare Defendants and/or the Guarantors shall have ten (10) business days after written notice is facsimiled and sent by regular mail to the Central Healthcare Defendants and the Guarantors at the notice address listed in paragraph 7 to cure such a default. If written notice of default is sent to the Central Healthcare Defendants and the Guarantors for a default, an additional $200 administrative payment shall be charged and such administrative payment must be paid with the payment to cure the default.

        c.     In the event of a default by the Central Healthcare Defendants of the terms of this Stipulation, subject to the notice and cure provisions stated hereinabove, Wausau shall have the right, without further notice to the Central Healthcare Defendants, to enter judgment against the Central Healthcare Defendants and the Guarantors, jointly

9

and severally, in the sum of the Amount Due, plus costs and disbursements, minus payments actually received hereunder from the Central Healthcare Defendants, the Guarantors, and the Crest Hall Defendants. Judgment may be entered by direct application by Wausau to the Court with an affidavit showing facts that a default has occurred herein.

5. **Retention of Jurisdiction.** This Stipulation and Order of Settlement completely resolves all claims made by Wausau in this action, including all claims by Wausau against Alpine and AGIN. The Court shall retain jurisdiction over this matter to enforce the terms of this Stipulation.

6. **Releases.**

a. Crest Hall Defendants Release. Except for the obligations contained in this Stipulation, in consideration of the obligations, terms, conditions, and promises set forth herein, and subject to Paragraph 6.d of this Stipulation, the Crest Hall Defendants (for purposes of this subparagraph only, the RELEASOR), hereby release, remise and discharge Wausau and the Central Healthcare Defendants (for purposes of this subparagraph only, the RELEASEE), and the RELEASEE's subsidiaries (direct and indirect), parent companies, affiliates, insurers, employees, agents, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law, admiralty or equity, that the RELEASOR, RELEASOR's successors and assigns, ever had, now have or hereinafter can, shall or may, have for upon, or by reason of any matter,

cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.

      b.   <u>Central Healthcare Defendants Release</u>. Except for the obligations contained in this Stipulation, in consideration of the obligations, terms, conditions, and promises set forth herein, and subject to Paragraph 6.d of this Stipulation, the Central Healthcare Defendants (for purposes of this subparagraph only, the RELEASOR), hereby release, remise and discharge Wausau and the Crest Hall Defendant (for purposes of this subparagraph only, the RELEASEE), and the RELEASEE's subsidiaries (direct and indirect), parent companies, affiliates, insurers, employees, agents, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law, admiralty or equity, that the RELEASOR, RELEASOR's successors and assigns, ever had, now have or hereinafter can, shall or may, have for upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.

      c.   <u>Wausau Release</u>. Except for the obligations contained in this Stipulation, in consideration of the obligations, terms, conditions, and promises set forth herein, and subject to Paragraph 6.d of this Stipulation, Wausau (for purposes of this subparagraph only, the RELEASOR), hereby release, remise and discharge the Central Healthcare Defendants, Alpine, AGIN, and the Crest Hall Defendants (for purposes of this subparagraph only, the RELEASEE), and the RELEASEE's subsidiaries (direct and

11

indirect), parent companies, affiliates, insurers, employees, agents, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law, admiralty or equity, that the RELEASOR, RELEASOR's heirs, executors, administrators, successors and assigns, ever had, now have or hereinafter can, shall or may, have for upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.

        d.    The releases set forth in this paragraph are limited to claims arising out of or related to the premium and assessment obligations under the WC Policies, past, present, and future, and all claims and cross-claims alleged in this action. The releases do not otherwise affect the parties' respective rights and obligations under the WC Policies.

        7.    **Notices**. The notice addresses for Wausau Business, Wausau Employers, the Crest Hall Defendants, the Central Healthcare Defendants, and the Guarantors are as follows:

| | |
|---|---|
| Wausau Business and Wausau Employers: | Jaffe & Asher LLP<br>Attn: Marshall T. Potashner, Esq.<br>600 Third Avenue, 9th Floor<br>New York, New York 10016<br>Fax No. (212) 687-9639 |
| Crest Hall Defendants: | Moritt, Hock & Hamroff, LLP<br>Attn: William P. Laino, Esq. and<br>Stephen E. Turman, Esq.<br>400 Garden City Plaza<br>Garden City, New York 11530<br>Fax No. (516) 873-2010 |

Central Healthcare Defendants,
Wood, and O'Neill:   Drabkin & Margulies
120 Broadway, Suite 1150
New York, New York 10271
Fax No. (212) 732-4064

-and-

Gerald Wood, Sr. and Stephen O'Neill
958 Church Street
Baldwin, New York 11510
Fax No. (516) 809-0161

All notices shall be sent by facsimile and regular mail to each of the aforementioned addresses for each party. Failure by any party to receive actual notice shall not invalidate any notice given. A notice address and the address where payments are to be made set forth in paragraph 2.c of this Stipulation may be changed by five (5) business days written notice to the other parties to this Stipulation.

8. **Retrospective Premiums Closed**. Other than the retrospective premium obligations and assessments at issue in this action, the retrospective premiums are closed for the WC Policies. The parties agree and acknowledge that there will be no further retrospective adjustments for the WC Policies, and no further retrospective adjustments shall be charged for or credited to the WC Policies.

9. **Entire Agreement**. No amendment or waiver of any provision of this Stipulation shall be effective unless the same shall be in writing and signed by each of the parties hereto. This Stipulation constitutes the entire agreement among the parties with respect to the subject matter hereof. There are no other agreements, representations, or warranties among the parties not expressly set forth herein.

10. **Governing Law**. This Stipulation shall be governed and construed in

accordance with the laws of the State of New York without regard to conflict of law principles.

11. **Authorization.** The individuals and attorneys signing this Stipulation represent and warrant that he or she is authorized to sign on behalf of the party stated above their signature, and to bind said party to this Stipulation.

12. **Counterparts.** This Stipulation may be executed in one or more counterparts which, when executed by all Parties and taken together, shall constitute a fully executed agreement that shall be binding upon all the signatories hereto. This Stipulation may be executed by facsimile, which shall have the same force and effect as an original signature.

13. **Effective Date.** This Stipulation shall become effective only when completely executed by all parties and the Guarantors.

14. **Waiver.** No failure on the part of any party hereto to exercise, and no delay in exercising, any right hereunder shall operate as a waiver thereof; nor shall any

single or partial exercise of any right hereunder preclude any other or further exercise thereof or the exercise of any other right.

Dated: New York, New York
February 13, 2012

| | |
|---|---|
| DRABKIN & MARGULIES<br>Attorneys for<br>CENTRAL HEALTHCARE SERVICES, INC.,<br>BLOSSOM HEALTH CARE CENTER, INC.,<br>BLOSSOM NORTH, LLC, BLOSSOM SOUTH,<br>LLC, CAMPBELL HALL HEALTH CARE<br>CENTER, INC., VICTORY LAKE<br>OPERATIONS, LLC, and CAMPBELL HALL<br>REHABILITATION CENTER, INC. | JAFFE & ASHER LLP<br>Attorneys for<br>WAUSAU BUSINESS<br>INSURANCE COMPANY and<br>EMPLOYERS INSURANCE<br>OF WAUSAU |

By:_____
   Robert Margulies, Esq.
120 Broadway, Suite 1150
New York, New York 10271
(212) 964-3400

By:_____
   Marshall T. Potashner, Esq.
600 Third Avenue, 9th Floor
New York, New York 10016
(212) 687-3000

MORITT HOCK & HAMROFF LLP
Attorneys for
CREST HALL CORP., CROWN NURSING
HOME ASSOCIATES, INC. and OAK
HOLLOW NC CORP.

By:_____
   William P. Laino, Esq.
120 Broadway, Suite 1150
New York, New York 10271
(516) 873-2000

| | |
|---|---|
| WAUSAU BUSINESS INSURANCE<br>COMPANY | EMPLOYERS INSURANCE<br>COMPANY OF WAUSAU |

By: _____
   Justin Gauthier  2/14/2012

By: _____
   Justin Gauthier  2/14/2012

single or partial exercise of any right hereunder preclude any other or further exercise thereof or the exercise of any other right.

Dated: New York, New York
       February 15, 2012

| | |
|---|---|
| DRABKIN & MARGULIES<br>Attorneys for<br>CENTRAL HEALTHCARE SERVICES, INC.,<br>BLOSSOM HEALTH CARE CENTER, INC.,<br>BLOSSOM NORTH, LLC, BLOSSOM SOUTH,<br>LLC, CAMPBELL HALL HEALTH CARE<br>CENTER, INC., VICTORY LAKE<br>OPERATIONS, LLC, and CAMPBELL HALL<br>REHABILITATION CENTER, INC. | JAFFE & ASHER LLP<br>Attorneys for<br>WAUSAU BUSINESS<br>INSURANCE COMPANY and<br>EMPLOYERS INSURANCE<br>OF WAUSAU |
| By:_____<br>   Robert Margulies, Esq.<br>120 Broadway, Suite 1150<br>New York, New York 10271<br>(212) 964-3400 | By:_____<br>   Marshall T. Potashner, Esq.<br>600 Third Avenue, 9th Floor<br>New York, New York 10016<br>(212) 687-3000 |

MORITT HOCK & HAMROFF LLP
Attorneys for
CREST HALL CORP., CROWN NURSING
HOME ASSOCIATES, INC. and OAK
HOLLOW NC CORP.

By: /s/ Stephen Turman
   Stephen E. Turman, Esq.
450 Seventh Avenue, Suite 1504
New York, New York 10123
(212) 873-2000

| | |
|---|---|
| WAUSAU BUSINESS INSURANCE<br>COMPANY | EMPLOYERS INSURANCE<br>COMPANY OF WAUSAU |
| By:_____ | By:_____ |

15

single or partial exercise of any right hereunder preclude any other or further exercise

thereof or the exercise of any other right.

Dated:   New York, New York
         February 13, 2012

DRABKIN & MARGULIES
Attorneys for
CENTRAL HEALTHCARE SERVICES, INC.,
BLOSSOM HEALTH CARE CENTER, INC.,
BLOSSOM NORTH, LLC, BLOSSOM SOUTH,
LLC, CAMPBELL HALL HEALTH CARE
CENTER, INC., VICTORY LAKE
OPERATIONS, LLC, and CAMPBELL HALL
REHABILITATION CENTER, INC.

By: _____
    Robert Margulies, Esq.
120 Broadway, Suite 1150
New York, New York 10271
(212) 964-3400

JAFFE & ASHER LLP
Attorneys for
WAUSAU BUSINESS
INSURANCE COMPANY and
EMPLOYERS INSURANCE
OF WAUSAU

By: _____
    Marshall T. Potashner, Esq.
600 Third Avenue, 9th Floor
New York, New York 10016
(212) 687-3000

MORITT HOCK & HAMROFF LLP
Attorneys for
CREST HALL CORP., CROWN NURSING
HOME ASSOCIATES, INC. and OAK
HOLLOW NC CORP.

By: _____
    Stephen E. Turman, Esq.
120 Broadway, Suite 1150
New York, New York 10271
(516) 873-2000

WAUSAU BUSINESS INSURANCE
COMPANY

By: _____

EMPLOYERS INSURANCE
COMPANY OF WAUSAU

By: _____

15

CREST HALL CORP.

By: *[signature] MD*
    *President*

OAK HOLLOW NC CORP.

By: *[signature] MD*
    *President*

BLOSSOM HEALTH CARE
CENTER, INC.

By:_____

BLOSSOM SOUTH, LLC

By:_____

VICTORY LAKE OPERATIONS, LLC

By:_____

CROWN NURSING HOME
ASSOCIATES, INC.

By: *[signature] MD*
    *President*

CENTRAL HEALTHCARE
SERVICES, INC.

By:_____

BLOSSOM NORTH, LLC

By:_____

CAMPBELL HALL HEALTH
CARE CENTER, INC.

By:_____

CAMPBELL HALL
REHABILITATION
CENTER, INC.

By:_____

CREST HALL CORP.

By:_____

OAK HOLLOW NC CORP.

By:_____

BLOSSOM HEALTH CARE CENTER, INC.

By: /s/ [signature]

BLOSSOM SOUTH, LLC

By: /s/ [signature]

VICTORY LAKE OPERATIONS, LLC

By: /s/ [signature]

CROWN NURSING HOME ASSOCIATES, INC.

By:_____

CENTRAL HEALTHCARE SERVICES, INC.

By: /s/ [signature]

BLOSSOM NORTH, LLC

By: /s/ [signature]

CAMPBELL HALL HEALTH CARE CENTER, INC.

By: /s/ [signature]

CAMPBELL HALL REHABILITATION CENTER, INC.

By: /s/ [signature]

_____
GERALD WOOD, SR.

STATE OF NEW YORK
COUNTY OF Dutchess        ss.:

On February 17, 2012 before me Gerald Wood, Sr. personally came to me known, and known to me to be the individual(s) described herein, and duly acknowledged, represented and warranted to me that he is the individual described in this Stipulation and that he executed the same for the purposes and consideration expressed therein.

_____
Notary Public
9/16/13
#01JO4986173
Dutchess

_____
STEPHEN O'NEILL

STATE OF NEW YORK
COUNTY OF Dutchess        ss.:

On February 17, 2012 before me Stephen O'Neill, Sr. personally came to me known, and known to me to be the individual(s) described herein, and duly acknowledged, represented and warranted to me that he is the individual described in this Stipulation and that he executed the same for the purposes and consideration expressed therein.

_____
Notary Public
9/16/13
#01JO4986173
Dutchess

**SO ORDERED:**

_____
USDJ Vincent L. Briccetti

Dated: 2/23/12

17