03/01/2012 16:43 FAX 212 956 2164          R.B.L.G.G.& G.                              ☐002

# ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

875 THIRD AVENUE

NEW YORK, NEW YORK 10022-0123

| | | | |
|---|---|---|---|
| MARSHALL E. BERNSTEIN | SCOTT A. LAVIN ∞ | (212) 603-6300 | COUNSEL |
| DAVID M. BLUMENTHAL * | ROBERT R. LEINWAND | | DAVID K. BURGER |
| AVRON I. BROG | DAVID M. LEVY | | DONALD M. KLEIN * |
| STEPHEN BOONSHOFT | BABCOCK MACLEAN | | LEE PERSHAN |
| STANLEY E. BULUA *** | RUSSELL P. McRORY | FAX (212) 956-2164 | ROBERT M. SASLOFF |
| NICHOLAS R. CAPUTO * | ROBERT M. MILNER | | |
| JOHN D. D'ERCOLE | LEONARD B. NATHANSON | | NEAL I. CANTCHER |
| FELICIA S. ENNIS * | ALAN M. POLLACK | | (1940-2008) |
| SHARI J. FAGEN * | ROGER A. RAIMOND *** | | |
| HENRY E. FORCIER ∞∞ | FRED B. RINGEL * | | ANTHONY S. GENOVESE |
| MARSHALL J. GLUCK | A. STANLEY ROBINSON | | (1935-2005) |
| NEIL S. GOLDSTEIN | RUSSELL W. ROSEN * | | |
| RONALD B. GOODMAN | LORI SCHWARTZ | | |
| STEVE R. GRADER ? | PHILIP T. SIMPSON | | * NY AND N.J. BARS |
| A. MITCHELL GREENE | RICHARD M. TICKTIN | | ** NY AND D.C. BARS |
| MICHAEL E. GREENE | PHILIP H. THOMAS | | *** NY AND CONNECTICUT BARS |
| ROY A. JACOBS ** | | | ∘ NY AND TENNESSEE BARS |
| | | | ∞∞ NY, NJ AND PA BARS |
| | | | ∞∞∞ NY, CT, NH AND MA BARS |

[Stamp: USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: 3/2/12]

**MEMO ENDORSED**

March 1, 2012

[Handwritten endorsement: All parties, through counsel, are directed to attend a case management conference on 3-19-12 10:00 at which the matters discussed herein will be discussed. So ordered. /s/ USDJ 3/2/12]

<u>Via TELEFACSIMILE – (914) 390-4170</u>

Honorable Vincent L. Briccetti
United States District Judge
United States District Court for the
 Southern District of New York
300 Quarropas Street – Room 630
White Plains, New York 10601

Re:   Wausau Business Ins. Co., et al. v.
       Alpine Consulting co. of New York, Inc., et al.,
       11-CV-2482

Dear Judge Briccetti:

   We represent Defendant Alpine Consulting of N.Y. Inc. ("Alpine") in the above-referenced action, and write this letter pursuant to this Court's February 23, 2012 Order. Counsel for Defendant Associated Geriatric Information Network, Inc. ("AGIN") joins in this letter. As we will explain, Alpine and AGIN respectfully submit that further discovery is not required on Alpine's and AGIN's pending cross claims against certain defendants herein because their liability is fully established – and suggest that, in the absence of a settlement of these claims, a stipulated alternative dispute resolution process would be the most efficient way to resolve these claims.

{00565773.DOC;3 }

ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

Honorable Vincent L. Briccetti
March 1, 2012
Page 2

Alpine and AGIN were surprised to learn that the other parties to this action executed and (on February 23, 2012) submitted to this Court a stipulation resolving their claims, but not addressing Alpine's and AGIN's claims for indemnification of attorney's fees and costs against the Central Healthcare Defendants (defined below).

Neither Alpine nor AGIN received advance notice of the stipulation, or of the fact that the other parties intended to enter into a stipulation that would leave the cross claims unresolved. To the contrary, Plaintiffs' counsel had previously circulated a draft stipulation contemplating the resolution of all parties' claims, and AGIN and Alpine accordingly fully expected the Central Healthcare Defendants to make good on their indemnification obligations to Alpine and AGIN – in accordance with past, express agreements -- as part of such a global settlement.

By way of background, Plaintiffs commenced this action to recover retrospective insurance premiums for worker's compensation policies issued by Plaintiffs. These policies were issued to Defendant Central Healthcare Services, Inc. and various nursing homes including Blossom Healthcare Center, Inc., Blossom North, LLC, Blossom South, LLC, Campbell Hall Healthcare Center, Inc., Victory Lake Operations, LLC, and Campbell Hall Rehabilitation Center, Inc. (collectively, the "Central Healthcare Defendants"). The Central Healthcare Defendants are a group of New York nursing homes owned and/or controlled by Messrs. Gerry Wood and Stephen O'Neill. Alpine and AGIN are not part of this family of companies and are not one of the nursing homes that were insured under the policies at issue.

The Plaintiff insurance companies alleged that Alpine and AGIN were parties to the worker's compensation policies at issue, and further that – under the terms of the policies – AGIN and Alpine were jointly and severally liable for in excess of $1 million in retrospectively calculated premium payments attributable to claims made by employees of the Central Healthcare Defendants and several other nursing homes.

Alpine never had any employees or any payroll and never needed or obtained any worker's compensation insurance policy at all. Indeed, it appears that the Central Healthcare Defendants added Alpine's name as an insured on policy endorsements in error. Alpine never paid any insurance premiums and was never asked to pay for premiums. While AGIN – a small consulting services firm – contracted to receive worker's compensation insurance coverage through Central Healthcare Services, Inc., AGIN never agreed to become jointly and severally liable for the worker's compensation claims of the Central Healthcare Defendants or any other party – and was never informed that it could bear liability for in excess of a million dollars of claims made by the employees of various nursing homes.

{00565773.DOC;3 }

ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

Honorable Vincent L. Briccetti
March 1, 2012
Page 3

Shortly after this case was commenced, the Central Healthcare Defendants agreed to defend and indemnity Alpine and AGIN. To be sure, on June 20, 2011, counsel for the Central Healthcare Defendants sent a letter addressed to me and counsel to AGIN and signed by Mr. O'Neal, Central Healthcare Defendants' principal, in which the Central Healthcare Defendants agreed to defend and indemnify Alpine and AGIN in this case and represented that the Central Healthcare Defendants had sufficient financial wherewithal to do so. (A copy of the letter is enclosed herewith.) Furthermore, Your Honor may recall that, during the initial conference in this action held on July 26, 2011, counsel for the Central Healthcare Defendants confirmed that his clients would indemnify Alpine and AGIN in this action.

Despite repeated requests from counsel for Alpine and AGIN during the ensuing months, however, the Central Healthcare Defendants failed to make good on their acknowledged obligations respecting Alpine's and AGIN's defense.

The issue of the Central Healthcare Defendants' liability to AGIN and Alpine is clear. Apart from the fact that the Central Healthcare Defendants expressly agreed to provide indemnification, Central Healthcare Services, Inc. is now long in default on cross claims filed by both Alpine and AGIN. A Third-party Defendant has also defaulted in this action. Therefore, in the absence of a consensual resolution, Alpine and AGIN intend to move for default judgments.

The only remaining issue is the amount that the Central Healthcare Defendants will pay to each of Alpine and AGIN in satisfaction of their indemnification claims. The amount of money at issue is not, however, unduly substantial – particularly as compared to the overall amounts at issue in the underlying dispute. Counsel to AGIN consulted with counsel to the Central Healthcare Defendants in advance of sending this letter – and Alpine and AGIN intend to make a final effort to reach a consensual resolution of the matter with the Central Healthcare Defendants over the next two weeks. In the absence of consensual resolution, however, we believe that an efficient method of dispute resolution – that avoids further substantial costs and burdens on the court – would be best for all concerned.

Accordingly, Alpine and AGIN are amenable to stipulate to a "high/low agreement," in which the parties can present limited proof respecting the fees and costs they incurred in this matter to Your Honor or Magistrate Judge Smith, and under which the parties would thereafter be bound (without possibility of an appeal) by whatever sums the Court determines to be appropriate. Such a stipulation can be produced in short order.

{00565773.DOC;3 }

03/01/2012 16:44 FAX 212 956 2164        R.B.L.G.G.& G.                              ☒005

ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

Honorable Vincent L. Briccetti
March 1, 2012
Page 4

        Thank you for your consideration to this matter.

                                      Respectfully submitted

                                      Nicholas Caputo

NC:pc

c:  Via e-mail to all counsel of record

{00565773.DOC;3 }

# Central Health Care Services, Inc
## 958 Church Street
## Baldwin, New York 11510
## Ph.: 516-409-0700  Fax: 516-809-0160

June 17, 2011

Dear Counsel for and Principals of : Alpine Consulting Co. of New York (Alpine), and Associated Geriatric Information Network Inc. (Associated)

This letter is written in good faith to offer full and complete defense and indemnity for all matters related to the lawsuit :Wausau Business Insurance Company vs. Alpine Consulting, Associated Geriatric, Crest Hall, Crown Nursing, Oak Hollow, Central Healthcare, Blossom Health, Blossom North, Blossom South, Campbell Hall, Victory Lake and Campbell Hall Rehab, pending in United States District Court, Southern District of New York under Civil Action 11-CIV-2482.

As you know, we are the principals of Central Healthcare Services, as well as of Blossom Health Care Center, Blossom North, Blossom South, Campbell Hall Health Care Center, Victory Lake Operations and Campbell Hall Rehabilitation Center (the Central Healthcare entities).

On behalf of the Central Healthcare entities, we declare that there are sufficient assets and financial wherewithal and ability to pay any and all judgment which may arise from this instant lawsuit. While we are investigating the underlying circumstances of the large bills in dispute, we are, and will, make good faith efforts at the appropriate time to settle this case. It is our intention that, to the extent any invoice for workers compensation insurance premiums are due on behalf of Alpine and/or Associated, the Central Healthcare entities will fully pay and be responsible for same. Like you, we object to the assertion of "joint and several liability" of the various defendants named in the case, and to the extent necessary, will raise such objections in the litigation. Nevertheless, we wish to provide assurance that the Central Healthcare entities have enough assets and financial ability to cover any the costs, bills, judgments and other claimed amounts asserted by Wausau Insurance Company in this case.

We request that you permit the attorneys representing Central Healthcare (Drabkin & Margulies) to represent and defend Alpine and Associated, and we certainly do not want either Alpine or Associated to incur any costs arising from this lawsuit. We will agree to sign any formal defense and indemnification agreement, subject to our attorney's approval. Given the relatively short time frame to submit an answer, please give this your immediate attention. .

Sincerely,

Stephen O'Neill, CPA