UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WAUSAU BUSINESS INSURANCE COMPANY,
AND EMPLOYERS INSURANCE COMPANY
OF WAUSAU

                              PLAINTIFF,          CIVIL ACTION NO.
                                                        11 CIV 2482
                                                        (J. BRICCETTI)

-AGAINST-                                                     **ANSWER TO**
                                                                **DEFENDANT ALPINE'S**
                                                                **CROSS-CLAIMS**

ALPINE CONSULTING CO. OF NEW YORK, INC,
ASSOCIATED GERIATRICS INFORMATION
NETWORK, INC., CREST HALL CORP., CROWN
NURSING HOME ASSOCIATES, INC., OAK HOLLOW
NC CORP., CENTRAL HEALTHCARE SERVICES,
INC., BLOSSOM HEALTH CARE CENTER, INC.,
BLOSSOM NORTH, LLC, BLOSSOM SOUTH, LLC,
CAMPBELL HALL HEALTH CARE CENTER, INC.,
VICTORY LAKE OPERATIONS, LLC, AND CAMPBELL
HALL REHABILITATION CENTER, INC.,

                                      DEFENDANTS.
------------------------------------------------------------

       Defendants **CENTRAL HEALTHCARE** (defined as all defendants except Alpine Consulting Co of New York, Inc., Associated Geriatrics Information Network, Inc., Crest Hall Corp, Crown Nursing Home Associates Inc and Oak Hollow NC Corp.) by its attorneys, DRABKIN & MARGULIES, sets forth the following as and for its **Answer to Defendant Alpine Consulting Co. of New York, Inc.'s Cross-Claims,** with Affirmative Defenses:

### ANSWERING DEFENDANT'S FIRST CROSS CLAIM

       1.        Denies generally, upon information and belief, without complete knowledge sufficient to form a belief as to the truth of all averments, all the allegations alleged in paragraphs 1, 2,

3,4,5,6,7,8,9,10,11 and refer all conclusions of fact and law to this Court.

2. Denies each and every allegation in paragraph 12.

### ANSWERING DEFENDANT'S SECOND CROSS CLAIM

3. Defendant repeats and re-alleges all the answers noted above as to the allegations contained in paragraphs 1 through 13 as if fully set forth herein.

4. Denies each and every allegation in paragraph 14.

### ANSWERING DEFENDANT'S THIRD CROSS CLAIM

5. Defendant repeats and re-alleges all the answers noted above as to the allegations contained in paragraphs 1 through 15 as if fully set forth herein.

6. Denies each and every allegation in paragraphs 16 and 17.

### ANSWERING DEFENDANT'S FOURTH CROSS CLAIM

7. Defendant repeats and re-alleges all the answers noted above as to the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

8. Denies each and every allegation in paragraph 19.

### AS AND FOR ITS FIRST AFFIRMATIVE DEFENSE

9. The Answer's cross-claims fail to state a cause of action upon which relief can be granted.

### AS AND FOR ITS SECOND AFFIRMATIVE DEFENSE

10. Defendant's cross-claims are barred by reason of the doctrine of waiver.

### AS AND FOR ITS THIRD AFFIRMATIVE DEFENSE

11. Defendant's cross-claims are barred by reason of defendant's laches.

### AS AND FOR ITS FOURTH AFFIRMATIVE DEFENSE

12. Defendant's cross-claims are barred by reason of the course of conduct between the parties.

### AS AND FOR ITS FIFTH AFFIRMATIVE DEFENSE

13. Defendant has a defense based upon payment.

### AS AND FOR ITS SIXTH AFFIRMATIVE DEFENSE

14. All or part of defendant's cross-claim is barred by the doctrine of accord and satisfaction.

### AS AND FOR ITS SEVENTH AFFIRMATIVE DEFENSE

15. Defendant did not comply with all conditions precedent in the agreements referenced in the cross-claim prior to asserting such claims.

### AS AND FOR ITS EIGHTH AFFIRMATIVE DEFENSE

16. The allegations in the cross-claims are not pled with required particularity.

### AS AND FOR ITS NINTH AFFIRMATIVE DEFENSE

17. Defendant's cross-claims are barred by lack of consideration.

### AS AND FOR ITS TENTH AFFIRMATIVE DEFENSE

18. Defendant has a defense based upon mitigation of damages and/or co-defendant's failure to do so.

### AS AND FOR ITS ELEVENTH AFFIRMATIVE DEFENSE

19. The Court lacks subject matter jurisdiction over the defendant's cross-claims on the ground that there is no diversity of citizenship, and the amount in controversy does not exceed $75,000.

WHEREFORE, Defendant **CENTRAL HEALTHCARE** demands judgment dismissing Plaintiffs complaint, together with all other relief as may be just and proper under the circumstances to be determined by this Court, together with costs, interest and expenses.

DATED: NEW YORK, NEW YORK
         March 13, 2012

         Yours, etc.

         Robert Margulies (RWM 3335)
         DRABKIN & MARGULIES
         Attorneys for Defendants
         **CENTRAL HEALTHCARE**
         120 Broadway, Suite 1150
         New York, New York   10271
         (212) 964-3400

TO:
JAFFE & ASHER, LLP.
Attorneys for Plaintiff
WAUSAU BUSINESS INS CO.
600 Third Ave – 9th floor
New York, New York 10016
(212) 687-3000
Marshall T. Potashner (MTP-3552)

MORRITT HOCK & HAMROFF
Attorneys for Defendants:
CREST HALL CORP., CROWN
NURSING HOME ASSOCIATES,
INC. AND OAK HOLLOW NC,
CORP.
400 Garden City Plaza
Garden City, New York 11530
(516) 873-2000
William P. Laino, Esq.

Robinson, Brog, Leinwand, Greene
Attorneys for ALPINE CONSULTING
875 Third Avenue, 9th Floor
New York, New York 10022
Attn: Nick Caputo, Esq.
212-603-0491

David R. Lurie, Esq. (DL 8837)
Attorney for ASSOCIATED GERIATRIC
10 East 40th Street
Suite 3307
New York, New York 10016
1-347-651-0194